**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DEREK EDWIN LINDSEY, #363370   *

Plaintiff   *

v   *   Civil Action Case No. RDB-10-1030

FREDERICK COUNTY COMMISSIONERS   *
CHARLES A. JENKINS, Sheriff
STEVEN RAU, Warden   *
CONMED HEALTHCARE MANAGEMENT,
INC.   *

Defendant   *
                                               ***

**MEMORANDUM OPINION**

The pro se plaintiff Derek Lindsey ("Lindsey") has filed his Complaint pursuant to 42 U.S.C. §1983. Defendants Frederick County Commissioners, Charles A. Jenkins, Sheriff, and Lieutenant Colonel Steven E. Rau, Warden ("Frederick County Defendants), by their attorneys move to dismiss or, in the alternative for summary judgment (ECF No. 13). Counsel for Conmed Healthcare Management ("Conmed") moves separately for summary judgment (ECF No. 17).[1] After review of the pleadings, exhibits, and applicable law, the Court determines that a hearing is unwarranted. Local Rule 105.6 (D. Md. 2010). For the reasons that follow, both motions for summary judgment (ECF No. 13 and 17) will be GRANTED and judgment will be ENTERED in favor of the Frederick County Defendants and Conmed.

**PLAINTIFF'S CLAIMS**

Lindsey, who is self-represented, complains that during the time he was confined at the Frederick County Adult Detention Center ("FDADC") he was subjected to unconstitutional

---

[1] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), Lindsey was advised of the dispositive motions and the possible consequences of failing to respond. ECF Nos. 16 and 18. Lindsey has not replied to either dispositive pleading.

conditions of confinement. He asserts Defendants: 1) failed to provide him a proper diet for diabetics; 2) withheld heat from his prison cell causing him physical pain due to extreme cold winter temperatures; 3) provided cold meals in an unsanitary environment in "total disregard" of his health, safety and well being; and 4) failed to provide proper and necessary medical care for his diabetes. Lindsey also claims that on several occasions medical providers changed his medication without drawing his blood, without knowing his A1C level, or without the proper check-up. He alleges that medical providers have ignored his complaints of diarrhea, upset stomach, and dizziness. He posits "[t]his negligent medical treatment is a gross violation of Your Plaintiff's [c]ivil and [c]onstitutional Rights." Petition, Attachment, p. 3 As relief he requests damages and injunctive relief. Lindsey asserts that he filed grievances but the Warden did not respond.

**FACTS**

The Frederick County Defendants have filed verified exhibits in support of their dispositive pleadings. The exhibits demonstrate that Lindsey was a prisoner at the FCADC, initially as a pre-trial detainee and then as a sentenced inmate. ECF No. 13, Exhibit 2, Affidavit of Captain Ward, ¶2. He was seen at the health unit at the FCADC during his confinement at the FCADC . ECF No. 11, Exhibit 2-B to Exhibit 2, Affidavit of Capt. Ward. Lindsey was seen at the health unit on multiple occasions for finger sticks in order to check his blood sugar and to administer medication to manage his Type II diabetes. He was also seen for other medical issues. ECF No. 11, Exhibit 2, Affidavit of Capt. Ward, ¶4. The Inmate Log notes multiple occasions when Lindsey refused his medication outright, or "no showed" for his medication. Exhibit 2, ¶ 5. ECF No. 11, Exhibit 2-C to Exhibit 2, Affidavit of Capt. Ward. Lindsey did not file any

2

inmate grievances with prison officials concerning the issues raised in this Complaint. ECF No. 13, Exhibit 1, Affidavit of Randy Lee Martin, ¶ 4.

The staff at the FCADC monitors temperature at the facility. Records are kept of monthly air temperature readings. Records of those readings from November of 2009 through June of 2010, the period when Mr. Lindsey was housed at the FCADC, are attached as Exhibit 2-A to Exhibit 2, the Affidavit of Capt. Ward. The goal is for temperatures to fall within the range of 68E-74EF. The temperatures on the first and second floors of the FCADC where Mr. Lindsey was housed during his confinement were within that range. Exhibit 2, Affidavit of Capt. Ward, ¶3.

## STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id*. at 249. "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.' " *Bouchat v. Baltimore*

*Ravens Football Club, Inc.,* 346 F.3d 514, 522 (4th Cir.2003) (quoting Fed.R.Civ.P. 56(e)). In that context, a court is obligated to consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corporation*, 475 U.S. 574, 587 (1986); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). However, Rule 56 mandates summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## DISCUSSION

### A. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 (PLRA) requires that "prisoners ... exhaust such administrative remedies as are available prior to filing suit in federal court." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (internal quotation marks omitted) (quoting 42 U.S.C. § 1997e(a)). The PLRA applies to "all inmate suits about prison life, whether they involved general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Before bringing suit in federal court, "a prisoner must have utilized all available remedies 'in accordance with the applicable procedural rules,' so that prison officials have been given an opportunity to address the claims administratively." *Id.* (quoting *Woodford v. Ngo*, 548 U.S. 81, 88(2006)). Exhaustion is mandatory and unexhausted claims may not be brought in court. *See Jones v. Bock*, 549 U.S. 199 (2007). A district court may sua sponte "dismiss [ ] a complaint where the failure to exhaust is apparent from the face of the complaint" as long as the inmate is provided the

4

"opportunity to respond to the issue" prior to dismissal. *Anderson v. XYZ Correctional Health Services., Inc*., 407 F.3d 674, 683 (4th Cir. 2005).

Lindsey is required under the PLRA to properly exhaust all administrative remedies prior to filing suit, but has failed to do through the FCADC inmate grievance review process. Lindsey did not file an administrative grievance about excessively cold temperatures at the FCADC, cold or unsanitary food, or an improper medical diet. ECF No. 13, Exhibit 2, ¶4. Consequently, these claims are dismissible for failure to exhaust administrative remedies Further, even were this matter not dismissible on this basis, the Complaint would be unavailing on other grounds.

### B. CLAIMS AGAINST FREDERICK COUNTY DEFENDANTS

#### 1. Frederick County Commissioners

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). The Frederick County Commissioners are not a "person" subject to suit for monetary damages under 42 U.S.C. § 1983.

To the extent Lindsey might intends to premise liability based on respondeat superior, the doctrine does not apply in § 1983 proceedings. *See Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978); *Love-Lane v. Martin,* 355 F.3d 766, 782 (4th Cir. 2004). Absent an allegation of personal involvement or unconstitutional policy or custom, there is no legal basis to find the Commissioners liable. *See Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994).

### 2. Claims Against Sheriff Jenkins

Similarly, Lindsey fails to allege any action, omission or personal involvement by the Sheriff Charles A. Jenkins in the events about which his complaining. Sheriff Jenkins is a state employee and a state official. Under 42 U.S.C. §1983, neither "a state nor its officials acting in their official capacities are 'persons' subject to suit for monetary damages under §1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).

Sheriff Jenkins is a state official and his actions, if any, were in his official capacity. If Lindsey's intent is to bring these claims against Sheriff Jenkins in his official capacity, the Eleventh Amendment immunizes states from suit brought in federal court absent waiver from the state or a clear congressional exercise of its power under the Fourteenth Amendment. *See Will v. Michigan*, 491 U.S. at 66. The State of Maryland has not expressly waived its immunity under the Eleventh Amendment to such suits. Sheriffs are generally treated as state officials under Maryland Law. "The role of a sheriff as a State constitutional officer whose duties are subject to control by the General Assembly leads us to the conclusion that sheriffs are State rather than local government employees." *Rucker v. Harford County*, 616 Md. 275, 281 (1989). For these reasons, Sheriff Jenkins is not subject to suit in this matter.

### 3. Claims Against Lieutenant Colonel Rau

Linday's only specific claim against Lieutenant Colonel Rau is that he requested "a extra blanket without success because the grievance have gone unanswered by Respondent Rau." Complaint, Attachment 1, p. 2. The Frederick County Defendants dispute that Lindsey filed the alleged grievance. Exhibit 1, Affidavit of Randy Martin, ¶4. Lindsey has not provided a copy of the grievance to the Court.

Assuming arguendo that a grievance was filed, Lieutenant Colonial Rau is the last level of a multi-step administrative review process. ECF No 11, Exhibit 1 ¶5, Affidavit of Randy Martin. Further, Lindsey does not allege that Lieutenant Colonel Rau was aware of the grievance or personally denied his request for a blanket. To the extent Lindsey intends to raise this claim based on principles of supervisory liability, he fails to show 1) had actual or constructive knowledge of subordinates' improper conduct by the supervisor; 2) a response by the supervisor that was so inadequate as to show deliberate indifference to, or tacit authorization of, the alleged offensive practices; and 3) an affirmative causal link between the supervisor's alleged inaction and the particular constitutional injuries suffered. *See Shaw*, 13 F.3d at 799. Absent any facts to premise supervisory liability claim, there are no grounds to hold Lieutenant Colonel Rau liable.[2]

### C.  CLAIMS AGAINST CONMED

Conmed is a private medical provider of contractual medical services to inmates at FCADC. To the extent the Complaint names Conmed based solely upon vicarious liability, a private corporation is not liable under § 1983 for actions allegedly committed by its employees when such liability is predicated solely upon a theory of respondeat superior. *See Austin v. Paramount Parks, Inc.,* 195 F.3d 715, 727-28 (4th Cir.1999); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir.1982); *Clark v. Maryland Dep't of Public Safety and Correctional Services*, 316 Fed. Appx. 279, 282 (4th Cir.2009). Accordingly, there is no legal basis to hold Conmed liable here.

---

[2]  Lindsey does not assert that corrections staff interfered with providing him required medical care. Nonmedical prison official "can generally rely on his medical staff's examinations and diagnoses" in determining what level of treatment is warranted. *Iko v. Shreve*, 535 F.3d 225, 242 (4th Cir.2008) (citing *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004); *Miltier v. Beorn*, 896 F.2d 848, 854-55 (4th Cir. 1990).

## CONCLUSION

Considering the facts and all reasonable inferences in the light most favorable to Lindsey, the Court finds that no genuine issue as to any material fact is presented.  Defendants are entitled to a judgment as a matter of law.  A separate Order follows.


February 3, 2011                                 /s/
Date                                                       RICHARD D. BENNETT
                                                      UNITED STATES DISTRICT JUDGE